UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LONDARR WARD,
Plaintiff,

v.

CITY OF CHEEKTOWAGA NEW YORK, et al.,
Defendants.

Case # 22-CV-06566-FPG

DECISION AND ORDER

## INTRODUCTION

*Pro se* Plaintiff Londarr Ward brings this 42 U.S.C. § 1983 action against Defendants Kevin Schmitt and Jeffery Fial, in their individual capacities, alleging that he was falsely arrested. ECF No. 1. On January 12, 2026, Defendants moved to dismiss Plaintiff's complaint. ECF No. 10. On February 13, 2026, Plaintiff filed a motion for summary judgment, ECF No. 16, and Defendants cross-moved for summary judgment on March 19, 2026, ECF No. 24. On May 15, 2026, Plaintiff filed a motion to stay. ECF No. 32. For the reasons that follow, Defendants' motion to dismiss is GRANTED. Plaintiff's motion for summary judgment, Defendants' cross-motion for summary judgment, and Plaintiff's motion to stay are DENIED AS MOOT.

## BACKGROUND

The following facts are the only factual allegations that appear in the complaint. ECF No. 1. First, Plaintiff alleges that Defendants prepared felony complaints and supporting depositions, which "[did] not give probable cause to arrest." *Id.* at 7. Specifically, Plaintiff complains that the only fact that Defendants allege "correlates the store visit to the robbery, . . . [which] is just way too vague and speculative to assume someone is not arrested solely because they went to a store

before." *Id.* Second, Plaintiff alleges that based on this "defective paperwork," Judge James Speyer issued a warrant for Plaintiff on or around March 8, 2021. *Id.* at 6–7. Finally, Plaintiff alleges that Defendants arrested him without probable cause, violating Plaintiff's rights against unreasonable search and seizure. *Id.* at 7. Plaintiff commenced this action on December 19, 2022, alleging numerous civil rights claims. *Id.* at 3. After screening under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a), only Plaintiff's false arrest claim against Defendants remains. ECF No. 3.

## DISCUSSION

### I. Motion to Dismiss

Defendants move to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). ECF No. 10-1.

#### A. Legal Standard

Rule 12(b)(6) provides that a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In reviewing a Rule 12(b)(6) motion, a court must "draw all reasonable inferences in Plaintiff['s] favor." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011). To survive a motion to dismiss, a complaint must contain sufficient factual material, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp,* 521 F.3d 202, 214 (2d Cir. 2008) (quotation marks and citation omitted).

**B. Analysis**

Defendants contend that the complaint does not plead sufficient factual allegations to state a claim for false arrest. ECF No. 10-1 at 7–15. Defendants also argue that the complaint should be dismissed on the grounds of qualified immunity. *Id.* at 15. Because the Court agrees that Plaintiff fails to plausibly allege a claim for false arrest, the Court will not discuss the issue of qualified immunity.

A complaint must at least provide a defendant with "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Littlejohn v. City of New York*, 795 F.3d 297, 309 (2d Cir. 2015) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002)). Rule 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Nothing in Rule 8 prohibits collectively referring to multiple defendants where the complaint alerts defendants that identical claims are asserted against each defendant." *Hudak v. Berkley Grp., Inc.*, No. 13-CV-00089, 2014 WL 354676, at *4 (D. Conn. Jan. 23, 2014). However, the standard cannot be satisfied "[b]y lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct." *Atuahene v. City of Hartford*, 10 F. App'x. 33, 34 (2d Cir. 2001) (summary order). "[I]n order to state plausible claims where a plaintiff is suing multiple defendants, the complaint must sufficiently explain what each defendant allegedly did." *Doe by and through Doe v. E. Irondequoit Cent. Sch. Dist.*, No. 16-CV-6594, 2018 WL 2100605, at *9 (W.D.N.Y. May 7, 2018). "A laundry list of potentially actionable conduct, without 'specification of any particular activities by any particular defendant,' cannot withstand a motion to dismiss." *Joint Stock Co. Channel One Russia Worldwide v. Infomir LLC*, No. 16-CV-1318, 2017 WL 696126, at *7 (S.D.N.Y. Feb. 15, 2017) (quoting *In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (2d Cir. 2007)).

Although Defendants do not expressly raise the issue of whether Plaintiff has plausibly alleged specific conduct on behalf of Schmitt and Fial sufficient to state a claim, *see* ECF No. 10-1, *sua sponte* dismissal is appropriate because it is "unmistakably clear" that this claim is "defective" as currently pleaded. *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 82 (2d Cir. 2018).[1] Here, the complaint does not sufficiently explain what each individual defendant did. The complaint only alleges that on or about March 8, 2021, Defendants obtained an arrest warrant and arrested Plaintiff without probable cause in violation of his right against unreasonable search and seizure. ECF No. 1 at 6–7.[2] Plaintiff fails to explain to what extent Schmitt and Fial were personally involved, let alone how Plaintiff's rights were violated. Therefore, Plaintiff has failed to provide Defendants with fair notice of what his claims are and the grounds upon which they rest. *See Littlejohn*, 795 F.3d at 309; *see also Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) ("[Plaintiff's] *pro se* status does not exempt a party from compliance with relevant rules of procedural and substantive law" (quotation marks and citation omitted)). Therefore, the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted, and Plaintiff's claim for false arrest under § 1983 as to Defendants are dismissed.

[1] Nevertheless, the Court is mindful that "dismissing a case without an opportunity to be heard is, at a minimum, bad practice." *Catzin*, 899 F.3d 77 at 82. Therefore, as explained in Section III, *infra*, Plaintiff's § 1983 claim against Defendants is dismissed without prejudice, and Plaintiff is granted leave to amend to address the deficiencies raised by the Court.

[2] Plaintiff's motion for summary judgment contains more detailed allegations about how Plaintiff was arrested without probable cause. ECF No. 16. "But a party, even when proceeding *pro se*, may not amend a complaint through briefing." *Moalawi v. City of New York*, No. 24-CV-5795, 2026 WL 82478, at *1 n.3 (S.D.N.Y. Jan. 9, 2026) (citing *Shah v. Helen Hayes Hosp.*, 252 F. App'x 364, 366 (2d Cir. 2007) (summary order) and then *Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998)). Therefore, the Court will not consider Plaintiff's allegations in his summary judgment motion as an amendment of his complaint. Nevertheless, he may include any relevant allegations in an amended complaint.

## II. Motion and Cross-Motion for Summary Judgment and Motion to Stay

Because the Court has dismissed Plaintiff's only claim, Plaintiff's motion for summary judgment, Defendants' cross-motion for summary judgment, and Plaintiff's motion to stay are denied as moot.[3]

## III. Leave to Amend

Even though Plaintiff did not request leave to re-plead his claim, the decision to grant leave to amend is within the discretion of the Court. *Hayden v. County of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999); *see* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). However, the Second Circuit has declined to allow amendment in cases in which an additional pleading would be futile. *See e.g., Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

Plaintiff's claim for false arrest under § 1983 against Defendants is dismissed without prejudice. The Court is mindful that it has already granted Plaintiff an opportunity to amend his complaint, ECF No. 3, which Plaintiff did not take. However, the Court does not find that it would be futile to grant Plaintiff one final opportunity to amend the complaint and include any relevant factual allegations to support his claim of false arrest including those that are contained in his motion for summary judgment. Plaintiff may file an amended complaint by October 1, 2026.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED. Plaintiff's motion for summary judgment, Defendants' cross-motion for summary judgment, and Plaintiff's motion to stay are DENIED AS MOOT.

---

[3] In any event, an award of summary judgment is premature based upon this record. *See Toussie v. Allstate Ins. Co.*, 213 F. Supp. 3d 444, 445 (E.D.N.Y. 2016) ("[C]ourts routinely deny motions for summary judgment as premature when discovery over relevant matters is incomplete.").

Plaintiff may file an amended complaint by October 1, 2026. If Plaintiff does not file an amended complaint by this date, his claims will be dismissed with prejudice, and the Clerk of Court shall enter judgment and close this case without further order of the Court.

IT IS SO ORDERED.

Dated: September 1, 2026
Rochester, New York

HON. FRANK P. GERACI, JR.
United States District Court
Western District of New York